CITY OF SIOUX FALLS, Respondent, v. LORD, Appellant.
· (139 N. W. 1135.)

**Criminal Law—Bawdy House—House of Assignation—Sufficiency of Evidence—Error.**

On appeal from a judgment of conviction for keeping a bawdy house and maintaining a house of assignation, held, the evidence was sufficient to sustain the judgment, and that no prejudicial or reversible error was committed by the trial court.

(Opinion, filed January 6, 1913.)

Appeal from Circuit Court, Minnehaha County. HON. JOSEPH W. JONES, Judge.

Defendant, Warren E. Lord, was convicted of violating an ordinance of the City of Sioux Falls, by keeping a bawdy house and maintaining a house of assignation, and he appeals. Affirmed.

*George J. Danforth* and *Joe Kirby*, for Appellant.

Defendant moved the court to require the plaintiff to elect upon what charge they would try the defendant, as to whether they would try him upon the charge of keeping a bawdy house or upon the charge of keeping a house of assignation and also to elect upon what place they would base their charges, as to the place designated in the complaint as parlor A-1, or as to whether rooms and apartments in the Temple Court properties located on the lower floor thereof known as bathrooms and parlor bedrooms in connection therewith. ·

It certainly was an error for the court to require the defendant to stand trial upon a complaint which charged him with two distinct offenses, committed in two distinct places.  The evidence clearly discloses that the two places mentioned in the complaint were in no manner connected places and were absolutely separate

and distinct. State v. Poule, (N. D.) 105, N. W. 717; Wharton on Criminal Evidence, 104; Bishop on Criminal Procedure, 460; Maxwell on Criminal Procedure, 551; State v. Crimmins, 31 Kan. 376, 2 Pac. 574; Boldt v. State, 72 Wis. 7, 38 N. W. 177; State v. Valentine, 7 S. D. 98, 63 N. W. 541; State v. Boughner, 7 S. D. 103, 63 N. W. 542; Lebkovitz v. State, 113 Ind., 26, 14 N. E. 363, 597; State v. Farmer, 104 N. C. 887, 10 S. E. 563; State v. Smith, 22 Vt. 74; Stockwell v. State, 27 Ohio, St. 563; People v. Jenness, 5 Mich. 305."

We also contend that the court should have required the City of Sioux Falls to elect as to whether they should have tried the defendant on the charge of keeping a bawdy house or a house of assignation.

We fully realize that if a statute makes criminal the doing of this or that, mentioning several things disjunctively, there is but one offense that may be committed in different ways. That right, however, has its limits. (See Sec. 587, 588, of Bishop's New Criminal Procedure, Vol. 1).

The defendant's assignments of error No. 2, relates to the court's overruling the defendant's objection to the introduction of any evidence under the complaint, (Bill of exceptions, pages 2 and 3.) The facts constituting the offense should be set out in the complaint, (see Bishop's New Criminal Procedure, Vol. 2, page 54, Sec. 105.) In this case the complaint did not contain the following necessary words, "that the house was unlawfully kept for public 'prostitution and lewdness' ". The complaint simply charges that the rooms were kept for "immoral purposes," and for the purpose of indulging in "unlawful sexual intercourse." There may be unlawful sexual intercourse in a room or rooms without making such rooms either a bawdy house or a house of assignation. "An indictment alleging the abductment of a female for the purpose of illicit intercourse with her is bad as leaving out the indiscriminate intercourse which is an element of prostitution." (See Osborne v. State, 52 Ind. 526.)

"Illicit sexual intercourse" and the word "prostitution" are not controvertible terms. (See American and English Encyclopedia of law, Vol. 3, page 288.)

It is the contention of the defendant that the permitting of the different witnesses to give their respective ages and also, to

permit the witness, Louisa Eller to testify under proper objection to the age of another girl was not only improper, but very prejudicial to the defendant.

In regard to ruling of the court on the question propounded to the witness, Charles E. Johnston, appearing on page 34 of the Bill of Exceptions. The question was, "Were they husbands and wives?" This question was objected to on the ground that it was not calling for a statement of fact but simply a conclusion of the witness. An examination of all the evidence given by said witness Johnston disclosed the fact that there was absolutely no testimony as to the sex of the persons whom he claimed went to some place in the Temple, Court properties. He has simply described the persons as "parties" and also stated that he did not know how many such "parties" he had seen and that he did not know some of the "parties." The ruling of the Court in regard to that question was clearly an error and one which was bound to create an additional prejudice against the defendant.

Assignments No. 8 and 10 deal with defendant's motion for direction of verdict, made first at the close of the plaintiff's evidence and second at the close of all the evidence. Said assignments of error may also be considered in connection with assignment No. 12 which deals with the insufficiency of the evidence to sustain the verdict of guilty and the particulars in which the evidence is insufficient to sustain the verdict. A careful analysis of the evidence in this case discloses the fact that the entire case is based upon the testimony of one witness, Louisa Eller, whose father is conducting a civil procedure or suit against this defendant for damages in the sum of twenty-five thousand ($25,000) dollars. There is absolutely no evidence even in her testimony to show that either the rooms in the basement or parlor A-1 were kept and maintained by the defendant Lord and habitually used for the unlawful purpose of keeping and maintaining a bawdy house or a house of assignation.

As to assignment of error number 15. The defendant, on cross-examination of Louisa Eller, sought to show that said witness was not a witness whose testimony should have much weight with the jury. It was perfectly competent and proper to show that said witness had been in the habit of staying in other blocks

in the city of Sioux Falls, and had the court permitted the defendant to pursue that proper line of cross-examination, very material and vital evidence, bearing upon the weight to be given to the testimony of Louisa Eller, could have been produced.

Deeming that the testimony of said Louisa Eller was true, we simply have said Louisa Eller sleeping in the bathrooms with one Danaher on one separate and distinct occasion and the conviction must be sustained, if at all, upon that evidence. The court distinctly charges that a single act of sexual intercourse in a house is not enough to make it a bawdy house or a house of assignation. That the law as given to the jury by the court be it in the abstract right or wrong is the law of the case, and the jury must follow it, is too well established to admit of debate. Abb. Civil Jury Trial (3rd Ed.) p. 751.

The verdict however, is against the law of the case as established by the instructions of the court, and should accordingly be set aside. See cases cited in Abb. Civil Jury Trial, supra.

The court also charged that the house had to be habitually used for that unlawful purpose. It is indeed hard to conceive from the evidence thus introduced that any reasonable and fair-minded person could draw the deduction that the defendant Lord was keeping and maintaining either the parlor A-1 or the bathrooms as a bawdy house or a house of assignation and that "they were habitually used for that unlawful purpose."

In cases where the testimony discloses far worse conduct on the part of the accused and acts more vicious and debasing than any disclosed in this case, the courts have refused to sustain the convictions. People v. Pinkerton, 44 N. W. page 180; State v. Calley, 104 N. Car. 858, 17 Am. St. Rep. 704.

The city of Sioux Falls also failed in its proof, for there is absolutely no evidence before the court that the city has any ordinance against keeping and maintaining a bawdy house or a house of assignation. That was a matter that the city was bound to prove, for the circuit court could not take judicial notice of the ordinances of the city of Sioux Falls, (see Encyclopedia of Pleading and Practice, Vol. 15, page 425) ; Pettit v. May, 34 Wis. 674; Hull v. City of Atlanta, 5 A. & E. Ann. Cases, page 614 and cases cited in the notes to said case on pages 615 and 616; People v. Quider (Mich.) ; 137 N. W. 546.

Assignment No. 16 deals with the refusal of the court to give the requested instructions of the defendant in defining a bawdy house and a house of assignation as one and the same house. In regard to that assignment of error, we simply wish to state that said charge should have been given, otherwise the complaint is duplicitous and the motion to elect should have been granted.

Assignment No. 13 is to the effect that the verdict and judgment are against the law of the case and that the jury disregarded the instructions of the court. A careful review of the court's charge to the jury reveals the fact that both parlor A-1 and the bathrooms, etc., would have to have been habitually used as a bawdy house and a house of assignation as such houses were defined by the court. There is absolutely no evidence of a habitual use of any of these places for such unlawful purposes.

The jury absolutely disregarded the court's definition of a bawdy house and a house of assignation and the court's direction that such places would have to be habitually used for that unlawful purpose before the ordinance would be violated.

*D. J. Conway,* for Respondent.

The charge was "did keep and maintain a bawdy house and house of assignation in parlor A-1, and the bath rooms and parlors and the bed rooms connected therewith," plainly saying and advising the defendant, that he was charged with an offense in one place, and he certainly was not misled by the complaint as in what place the offense was claimed to have been committed.

We think the point raised by appellant has been well settled by the Supreme Court of North Dakota in the case of State v. Brown, 104 N. W. 1112; Commonwealth v. Patterson, 153 Mass. 5; 26 N. E. 136.

It is next urged that the court erred in refusing to compel the plaintiff to elect upon what charge the defendant would be tried, as to keeping a bawdy house or upon the charge of keeping a house of assignation. From a reading of the ordinance, the Court can readily see that the court ruled correctly. Under the law of this state, cities of the first class are delegated authority to regulate and suppress different misdemeanors, and acting under that authority and for the purpose of suppressing disorderly houses, the City of Sioux Falls passed the ordinance in question. Which

ordinance at the time of the trial in this case, our circuit court was required to take judicial notice of.

The complaint followed the language of the ordinance, and although the words, "house of assignation" and "bawdy house" be used, for the purpose of describing the offense under this ordinance, they mean one and the same thing, and there is but one offense charged; but should the court find that the complaint charged two offenses, one of maintaining a house of assignation, and one a bawdy house, yet in cases for the commission of misdemeanor, the court would not require us to elect upon which charge to proceed, nor could the court in a case of this kind, find that the information was duplicitous. See Commonwealth v. Hart, 10 Gray Mass. 465.

An indictment which charges the offense of keeping a disorderly house in the terms of the statutes is generally sufficient. Howard v. People, 27 Colorado 396; State v. Tombs, 79 Iowa 741; State v. Alderman, 40 Iowa 375; State v. Homer, 40 Maine 438; State v. Bregard, 76 Missouri 322; Brooks v. State, 4 Texas App. 561; Brown v. State, 2 Texas App. 189.

Where a statute sets out a number of uses by which a house or place may become a nuisance, an indictment charging in one count the keeping of such a place in a number of or in all such ways, is not bad for duplicity, although each of such uses might be criminal in its nature, yet it is not charged as distinct offenses, but only as forming the elements which make up the single offense of a nuisance. See Commissioners v. Kimball, 7 Gray Mass. 328; see, also, Commissioners v. Blue, 124 Mass. 26; State v. Brady, 16 R. I. 51; 12 Atl. 228; Howard v. People, 27 Colo. 396; 61 Pac. 595; State v. Beebe, (Iowa) 88 N. W. 359; State v. Feuferhaken, 96 Iowa, 299.

We contend that the motion to compel the city to elect upon which ground it would proceed, could not have been granted, if at all, unless the motion had been made after the plaintiff had rested its case. State of South Carolina v. L. W. Rountree, et al., 22 L. R. A. new series 833.

See also 10 Enc. and Pr. 551-552, State v. Nelson, 94 Am. Dec. 130.

In cases of misdemeanors, several distinct offenses of the same kind may be joined in the same indictment. Martin v. State

of Nebraska, 46 N. W. 621; see, also, Burrell v. State of Nebraska, 41 N. W. 399.

The defendant could not be put on trial for either one of the offenses charged if he had been acquitted.. People v. Liscomb, 60 N. Y. 599.

The complaint in this case was good, and the plaintiff should not have been compelled to elect upon which count the defendant would be tried. Jackson v. State of Wisconsin, 64 N. W. 838; Ingraham v. United States, 155 U. S. 434; Martin v. State, 79 Wis. 165; Pointer v. United States, 151 U. S. 396; State v. Porath, 63 N. W. 1061.

As to defendant's assignment of error number 2, we have only to say that the facts constituting the offense were set out in the complaint as plainly as language could express them without pleading conclusions.

We contend the court committed no error in permitting the witnesses to give their respective ages. Certainly appellant will not contend that it would be error to refuse to allow the witness testifying to give her own age, even though it might prejudice the defendant. In cases of this character, the city or state has the right to prove the reputation and moral character of all the frequenters or any of the frequenters of such place..

Appellant assigns error of the court in not granting his motion for direction of verdict at close of plaintiff's evidence, upon the ground of the insufficiency of the evidence to sustain the verdict of guilty. The evidence of this case depends very largely upon the testimony of Louisa Eller, but not wholly. Louisa Eller's testimony, while more direct, is not much stronger than the testimony of Leone Eller, and notwithstanding the father of Louisa Eller may be suing the appellant in this action for large damages, still when her testimony is corroborated it should be believed, and must have been believed, as was the testimony of Leone Eller, by the jury.

Appellant contends that there is absolutely no evidence to show that either the rooms in the basement or parlor A-1, was kept or maintained by Lord and habitually used for the unlawful purpose of keeping and maintaining a bawdy house or house of assignation. We cannot say how many times they were used for the unlawful purposes mentioned, but the evidence plainly shows that

they were used for such purpose each time the witness who testified concerning them knew anything about them.

As to the error complained of in assignment number 15, we can see no error whatever. We cannot see how the defendant could be in any way prejudiced had the witness been required to answer the questions asked by defendant's attorney, and had given testimony to show that she had been in the habit of frequenting blocks.

Complaint has been made by appellant that the verdict is against the law of the case as established by the instructions of the court, but we think otherwise. The court instructed that a single act of sexual intercourse was not sufficient. That the house must be kept for the purpose and habitually used for this unlawful purpose. From all the evidence in this case, for what other purpose could the jury have found that parlor A-1 and the bath room was used for.

As was said in the case, State v. Ballew, decided by this court in 1910, found in 128 N. W. 716. There the court says: "In this class of cases, it is difficult, if not impossible, to procure positive evidence that persons resorted to the house for purposes of prostitution, as the parties to such transaction usually observe great care, great secrecy, and are unwilling to disclose their connection with the same. See also State v. Gill, 129 N. W. 821.

In a prosecution for keeping a house of ill fame, guilt of the defendant may be established by proof of the facts and circumstances from which the inference of guilt is so strong as to exclude a reasonable doubt, although there be direct evidence as to only one act of prostitution. State v. Steen, 101 N. W. 96; State v. Schaffer, 74 Iowa 704.

It is contended by the appellant that the defendant Lord had no management or control over parlor A-1, and that it was under the absolute management and control of Mr. and Mrs. Thompson. We think that the evidence does not bear out the claim.

It was settled by this Court in the case of the City of Milbank v. Cronlokken, 135 N. W. 711, that it was not necessary for the city in this case, to either plead or prove the city ordinance.

This being a case arising in the City of Sioux Falls, and first prosecuted in the municipal court, to-wit: the police justice

court of said city, and appealed from there to the circuit court, the circuit court was bound to taken judicial notice of the laws and ordinance of the city from which the case was appealed. 44 Oregon, 439; 35 W. Va. 217; 20 Kan. 633; 23 Ohio Cir. Court, 320; 35 Conn. 66.

McCOY, P. J.   Appellant was convicted on the charge of keeping and maintaining a bawdyhouse and house of assignation in the city of Sioux Falls, in violation of an ordinance of that city, and has appealed to this court, assigning various errors. We have carefully examined each and every assignment and the record in relation thereto, and are of the opinion that no prejudicial or reversible error exists therein. Many of the allegations and much of the evidence is of such a nature that it would serve no useful purpose to incorporate the same herein or further refer thereto. We are satisfied that the evidence was sufficient to justify the verdict. Finding no error in the record, the judgment of the circuit court is affirmed.